UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRI BOONE** | **CASE NO. 2:22-CV-04959** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE HOME INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 18] filed under Federal Rule of Civil Procedure 12(b)(1) by defendant Progressive Property Insurance Company. Plaintiff opposes the motion. Doc. 21.

## I.
### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Plaintiff filed suit in this court on August 26, 2022, raising claims under Louisiana law based on Progressive's alleged failure to timely or adequately compensate her for covered losses under a homeowner's policy. Doc. 1. She further alleged that the court had diversity jurisdiction over the suit, based on her Louisiana citizenship and Progressive's citizenship in Ohio.[1] *Id.*

Progressive now moves to dismiss the suit for lack of jurisdiction, asserting that there is no diversity of citizenship because it is a citizen of Louisiana. Doc. 18. Specifically,

---

[1] Plaintiff erroneously named "Progressive Home Insurance Company" as defendant but there is no such company registered in either Louisiana or Ohio. Doc. 18, atts. 4 & 5; *see* doc. 9.

it shows via records from the Louisiana Department of Insurance that it is domiciled in this state. Doc. 18, att. 6.

## II.
## LAW & APPLICATION

### A. Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015). Because the parties have submitted evidence outside the pleadings that do not, this matter is a "factual" attack and the court will consider that evidence while resolving any disputed issues of fact. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

### B. Application

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction must be proper under either 28 U.S.C. § 1331 or § 1332. The burden of proving jurisdictional facts rests on the plaintiff. *Anderson v. Stoffle*, 339 F.2d 214, 214 (5th Cir. 1964).

There is no basis for jurisdiction under 28 U.S.C. § 1331 here, as plaintiff raises only state law claims. As for 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000.00. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is from the state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here plaintiff has stated that she is a citizen of Louisiana and Progressive has shown that it is a citizen of the same state. In response to Progessive's showing of no diversity plaintiff cites previous cases in this court where Progressive was defendant to a Louisiana plaintiff and diversity jurisdiction was not contested because Progressive filed a corporate disclosure statement indicating that it was a Florida corporation. Doc. 21, atts. 2–7; *see Lamphere v. Progressive Prop. Ins. Co.*, No. 21-cv-581 (W.D. La. Sep. 22, 2021); *Gobert v. Progressive Prop. Ins. Co.*, No. 21-cv-328 (W.D. La.); *Burns v. Progressive Prop. Ins. Co.*, No. 2:21-cv-372 (W.D. La. Jan. 7, 2022); *Schlosser v. Progressive Prop. Ins. Co.*; No. 6:21-627 (W.D. La. Apr. 28, 2022); *Leday v. Progressive Prop. Ins. Co.*, No. 2:21-cv-303 (W.D. La. Aug. 20, 2021). All of those matters, however, were filed in 2021. Progressive shows that it became domiciled in Louisiana in April 2022, four months before this suit was filed, when it moved its principal place of business to Metairie, Louisiana. Doc. 22,

att. 6. Accordingly, there is no basis for the court's exercise of jurisdiction over the suit. The fact that plaintiff's counsel was induced by prior suits into believing diversity jurisdiction existed against Progressive is no excuse for his failure to investigate before filing suit here.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 18] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of July, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**